

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY BILEK and CHRISTOPHER BILEK, | ) ) ) |
| Plaintiffs, | ) ) No. 11 C 4951 |
| v. | ) ) Magistrate Judge Susan E. Cox ) |
| MENARD, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case involves serious injuries sustained by plaintiff, Mary Bilek, when a roll of carpet fell from one of defendant Menard, Inc.'s shelves, hitting her on the neck. Defendant now seeks certain medical records relating to plaintiff's mental health treatment, which plaintiff has redacted claiming privilege under the Illinois Mental Health and Developmental Disabilities Confidentiality Act. Defendant claims that plaintiff has put her mental condition at issue through her deposition testimony, thereby allowing an exception to the disclosure rules. We reject the narrow view posited by defendants and, instead, find that plaintiff has not introduced her mental condition into the case.

To analyze this issue we must first look to plaintiff's deposition testimony and what she said that allegedly implicated her mental condition. In her deposition, plaintiff described her pain as "[n]umbness in my left arm, tingling in my fingers, pulling in the back of my neck going down my arm." Plaintiff reiterated this same testimony when she recounted how she described her injury in the emergency room following the accident:

> A. I explained what happened, that I was at Menards and carpet struck me on the left side. And they asked what symptoms I was feeling, and I told them that I have tingling and numbness in my left hand and fingers...

Defendant then asked:

> Q. Did you ever have any left hand tingling before the Menard incident other than that period of time when you were complaining of both sided numbness that you just talked about?

Plaintiff answered, "anxiety attack," at which point plaintiff's counsel stated that they were not "going into" mental health treatment because they did not intend to make a claim for any mental health treatment.[1] Defendant's counsel then continued the questioning,

> Q. But if you have pain in the left hand, I want to hear about that. So you had some problems with your left hand before?
>
> A. No, I did not have a problem with the left hand. When you have an anxiety attack, you tend to feel numbness. It's part of anxiety.
>
> Q. At least in your manifestations of it, it sometimes leads to numbness in your hands. When you have an anxiety attack, you get numbness in your hands?
>
> A. When you have an anxiety attack, it just feels weird.

The questioning continued on this point, with plaintiff eventually explaining that when you "hyperventilate, you lose oxygen and you can have some numbness." She also confirmed that at times there is also tingling, but clarified that it is "nothing permanent."[2]

Plaintiff properly takes us through the relevant provisions of the Act, noting that plaintiff's doctor falls under the statutory definition of "therapist,"[3] as defined in the Act, and that records may

---

[1] Pl's Resp., Bilek Dep. at 112, dkt. 28.
[2] Pl's Resp., exh. 7, Bilek Dep. at 113, dkt.28.
[3] 740 ILCS 110/2.

only be disclosed in a civil proceeding where the patient "introduces his mental condition or any aspect of his services received for such condition as an element of his claim or defense, if...the court...finds, after in camera examination of testimony or other evidence, that it is relevant, probative, not unduly prejudicial or inflammatory..."[4] The Act goes on to state that,

> in any action in which pain and suffering is an element of the claim, mental condition shall not be deemed to be introduced merely by making such claim and shall be deemed to be introduced only if the recipient or a witness on his behalf first testifies concerning the record or communication.[5]

Plaintiff asserts that the above testimony did not introduce her mental health treatment because it had nothing to do with the injury to her neck or shoulder and the symptoms in her arm and hand that followed. Plaintiff cites to *Reda v. Advocate Health Care*[6] for support. In that case the Supreme Court of Illinois held that the plaintiff did not place his mental condition at issue merely because he claimed a neurological injury, and further explained that because one undergoes pain and suffering does not necessarily mean the individual "suffers deterioration in mental condition."[7]

Perhaps more relevant here, however, is the Court's explanation that the "legislature carefully drafted the Act to maintain the confidentiality of mental-health records except in the specific circumstances explicitly enumerated."[8] The Court further noted that the legislature restricted disclosure to that "which is necessary to accomplish a particular purpose" and that exceptions are "narrowly crafted."[9] This means that anyone seeking the release of mental health records faces a

---

[4] 740 ILCS 110/10(a)(1).
[5] *Id.*
[6] 199 Ill.2d 47 (2002).
[7] *Reda*, 199 Ill.2d at 58.
[8] *Id.* at 60.
[9] *Id.*

"formidable challenge."[10]

Defendant apparently did not consider this issue to require a formidable challenge. Defendant does not touch on the law (claiming only that regardless of whether we follow federal common law or state statutory law the result is the same) and only briefly summarizes that any mention of a symptom, in this case, tingling and numbness, invokes the exception. Specifically, defendant characterizes plaintiff's testimony by stating that she "apparently regularly experiences numbness and tingling in her arm and hand with panic or anxiety attacks."[11] But that is not her testimony at all. Plaintiff merely associated her anxiety attacks with the feeling of numbness. When she explained her testimony she indicated that she did not have problems with her left hand prior to the accident, the numbness from anxiety attacks was "nothing permanent," and directly related those feelings to the loss of oxygen when she hyperventilates.[12] We see no correlation to the injury she suffered at defendant's store, the symptoms that immediately followed, and her mental condition.

As a final point, though defendant does not argue this, we add that this is also not a case where "fundamental fairness commands that the privilege yield."[13] That has been found where, for example, the information that the plaintiff sought to protect - his ideation of suicide - potentially contradicted his assertions that the defendants were solely negligent in causing his accident.[14] Here, contrary to defendant's position, plaintiff has not acknowledged a possible alternate cause for her post-accident numbness and tingling (considering that her explanation of how she feels post-anxiety attack was quite different). Her testimony about the incident in this case was that, immediately after

---

[10] *Id.*
[11] Def's Reply at 4, dkt. 31.
[12] Pl's Resp., exh. 7, Bilek Dep. at 113, dkt. 28.
[13] *D.C. v. S.A.*, 178 Ill.2d 551, 568 (1997).
[14] *D.C.*, 178 Ill.2d at 569.

the accident, her "arm started tingling" and her "hand was swollen."[15] It should be noted that she also testified that those symptoms have since resolved.[16]

We find that defendant may still present a meaningful defense despite our ruling that it will not be allowed to explore plaintiff's mental health records. Just as the Illinois supreme court has noted before, there is no indication here "that anything that might be revealed in [plaintiff's] mental-health records would completely bar [her] recovery and absolve defendants of liability."[17] We, therefore, deny defendant's motion to compel [dkt. 25].

**IT IS SO ORDERED.**

**ENTERED: August 9, 2012**

UNITED STATES MAGISTRATE JUDGE
Susan E. Cox

---

[15] Pl's Resp., exh. 7, Bilek Dep. at 64, dkt. 28.
[16] Pl's Resp., exh. 7, Bilek Dep. at 94, dkt. 28.
[17] *Reda*, 199 Ill.2d at 62.