IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| MARY BILEK and | ) | |
| CHRISTOPHER BILEK, | ) | |
| Plaintiffs, | ) | |
| | ) | Case No: 11cv4951 |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Mary Bilek has sued Menard, Inc., for injuries she sustained from a falling roll of carpet while shopping at one of its stores. Nearly one month from trial, Ms. Bilek has now filed a motion to bar both the video surveillance recordings defendant seeks to use at trial and to bar defendant from calling the investigator as a witness at trial, Jim Zarnick [dkt. 67]. For the reasons outlined, we grant Ms. Bilek's motion.

## STATEMENT

Mary Bilek has sued Menard, Inc., for injuries she sustained from a falling roll of carpet while shopping at one of its stores. Nearly one month from trial, Ms. Bilek has now filed a motion to bar video surveillance recordings defendant seeks to use at trial and to bar defendant from calling Jim Zarnick as a witness, the investigator who took the video recordings [dkt. 67].

It is helpful to first review the relevant discovery dates. Early on in the case, in September 2011, Ms. Bilek served on defendant a production request that included all "video tapes...motion pictures or other such video or audio recordings taken of the scene…[or]...of any plaintiff… ." At the time, defendant apparently did not have any video recordings to disclose.

Ms. Bilek's deposition took place in February 2012, soon after her first neck surgery. Months later, defendant had video surveillance taken of Ms. Bilek on May 18 and 25, 2012. It was around this time, according to defendant, that it became aware of Ms. Bilek's surgeon's plan to perform an additional surgery. A year later, defendant had additional video surveillance taken of Ms. Bilek on May 11 and 28, June 1, July 14 and August 2, 2013.

Then on August 19, 2013, defendant sought a second deposition of Ms. Bilek to inquire about her physical limitations and pain since the time of her first surgery. We granted that request. But before the deposition took place, Ms. Bilek underwent her second surgery in September 2013.

On October 24, 2013, the day before discovery was to close, Ms. Bilek sat for her second deposition. Defendant claims that it was not until this deposition that it became apparent that Ms. Bilek's account of her ability to turn her neck - in both 2012 and 2013 - was inconsistent with defendant's video surveillance of that same time period. The next day, on October 25, 2013, defendant served its Rule 26 disclosure of both the video surveillance and its intention of calling Jim Zarnick, the investigator who took the video recordings, to testify at trial.

Moving to the merits of this motion, the issue can be reduced to whether defendant's failure to supplement its disclosures – after defendant took video surveillance in 2012 – warrants barring both the use of the video surveillance at trial, and barring defendant from calling the investigator as a witness at trial, Jim Zarnick. Defendant argues that because it did not expect to use the surveillance videos at trial prior to October 24, when it took Ms. Bilek's second deposition, no disclosure requirement was triggered.

But defendant fails to appreciate the Federal Rules of Civil Procedure, which require such disclosures and that discovery must be timely supplemented.[1] Here, defendant fails to acknowledge that it had video surveillance taken over one year ago yet did not disclose it, despite Ms. Bilek's request for production issued in September 2011. Defendant is also silent as to why, if it believed this information to be privileged, it did not include such evidence on a privilege log, or move for a protective order to avoid disclosure. It appears that, instead, defendant assumed that it could sit on this discovery until the close of fact discovery and then, at the last moment, decide that it would like to use the video surveillance at trial.

Defendant urges us to consider Ms. Bilek's fault in this dispute, referring to her delay in sitting for her second deposition, which did not occur until the day before discovery was to close. Though we agree that it was inadvisable to wait until the close of discovery – on the part of both parties – there is still no explanation for defendant's failure to disclose that it had video surveillance back in 2012.

Defendant also relies heavily on the generally accepted rule that video surveillance is protected by the work-product privilege. On this point, we agree, as we have already ruled that surveillance information prepared in preparation for trial can be protected as work-product.[2] But, as Ms. Bilek points out, even if the privilege applies, Rule 26 requires *disclosure* and that a party timely supplement its discovery responses, even if actual production is debated. What defendant should have done here, which is what Rule 26 requires, was to timely disclose the existence of its video surveillance. It could have then sought protection from the Court, claiming privilege. A party claiming privilege must show good cause for its asserted privilege, which then shifts the burden to the opposing party to show "substantial need" for the materials at issue.[3] Defendant's decision to wait until it decided to use the surveillance footage at trial before disclosing the existence of this evidence (which happened to be the day fact discovery closed) deprived Ms. Bilek from this process and is, simply, in violation of the discovery Rules.[4] With the trial only

---

[1] Fed.R.Civ.P. 26(a)(1)(A)(ii) and (e)(1)(A).
[2] *Geraty v. Northeast Ill. Regional Commuter,* No. 06cv815, 2008 WL 2130422, *2 (N.D. Ill. May 19, 2008)(citing *Fisher v. Nat'l Railroad Passenger Corp.,* 152 F.R.D. 145 (S.D. 1993).
[3] *See Fisher,* 152 F.R.D. at 151.
[4] *Gibson by Gibson v. Nat'l R.R. Passenger Corp.,* 170 F.R.D. 408, 410 (E.D. Pa. 1997)(finding that the party's contention that it "need not even disclose the existence of surveillance evidence until it decides that it intends to introduce the evidence at trial" is inconsistent with the discovery rules that are designed to avoid gamesmanship).

one month away, this late disclosure does not allow Ms. Bilek time to be prepared without undue delay.[5]  Ms. Bilek's motion is, therefore, granted.


Date:    11/12/13                              /s/ Susan E. Cox
                                               U.S. Magistrate Judge

---

[5] *See id.*